UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JASON BOUDREAU          :
                        :
    v.                  :    C.A. No. 13-388S
                        :
STEVEN LUSSIER, et al.  :

**MEMORANDUM AND ORDER**

Pending before me for determination (28 U.S.C. § 636(b)(1)(A)) is Defendants'[1] Emergency Motion to Quash Subpoenas and for Protective Orders.  (Document No. 58).  Plaintiff objects. (Document No. 59).  A hearing was held on February 7, 2014.

The ATC Defendants seek to quash ten third-party document subpoenas issued by Plaintiff because such subpoenas are facially invalid, improperly served and overly broad and seek irrelevant information.  They also seek a protective order staying discovery until the Court rules on the ATC Defendants' pending Motion for judgment on the pleadings filed pursuant to Rule 12(c), Fed. R. Civ. P.

Plaintiff is proceeding pro se and initiated this action on May 28, 2013 while incarcerated at the Adult Correctional Institution.[2]  Plaintiff has since been released but is awaiting trial on multiple pending state felony charges including a possession of child pornography charge which relates to the facts underlying his action.  See State v. Boudreau, P2-2011-3383B, P2-2012-0841A and P2-2012-2059A.  In addition to the ATC Defendants, Plaintiff also sues the City of Warwick and Kevin Petit, a Warwick Police Detective assigned to the State Police Computer Crimes against Children Task

---

[1] The Motion is filed by Defendants Steven Lussier, John Lussier, Donald Lussier and Steven Sorel, all employees of Plaintiff's former employer Automatic Temperature Controls, Inc. (the "ATC Defendants").

[2] It appears from reviewing the state court criminal case docket that Plaintiff was serving a sentence at the time for a March 14, 2012 conviction for Second Degree Child Molestation.  See State v. Boudreau, K2-2010-0725A.

Force, and the City of Cranston and four of its police officers – Kim Carroll, Nathan Bagshaw, James Needham and Sergeant Weller. Plaintiff's pro se claims include illegal search and seizure in violation of 42 U.S.C. 1983, conspiracy to deprive rights under color of law also in violation of 42 U.S.C. § 1983, and unlawful interception and disclosure of electronic communications in violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2511 and 2520. In their Motion for Judgment on the Pleadings, the ATC Defendants argue that they are private parties and not "state actors" who may be liable under 42 U.S.C. § 1983 and that, in any event, Plaintiff had no reasonable expectation of privacy in the work computer and office provided to him by ATC to support an illegal search and seizure claim. (Document No. 50). The ATC Defendants also argue that Plaintiff has not plausibly alleged facts showing that they "intercepted" any electronic communications from Plaintiff's work computer in violation of the ECPA. Id.

Although Plaintiff's allegations of police misconduct and civil rights violations are serious and should be taken as such, the Court must also be mindful that Plaintiff is proceeding pro se, is facing serious felony charges, and has sued several individuals and police officers whom he apparently believes were responsible for those charges. The Court is also concerned that Plaintiff is suing individuals who could be witnesses in his criminal case and thus there is a possibility that Plaintiff could be using this civil litigation to pressure or otherwise retaliate against those he holds responsible for his criminal charges.[3] Finally, the Court is mindful that the ATC Defendants strongly contest the legal viability of Plaintiff's claims and that Chief Judge Smith recently denied those arguments "without prejudice" to renewal at a later stage of these proceedings.

---

[3] The fact that Plaintiff prematurely sought to initiate discovery prior to a Rule 16 scheduling conference and prematurely filed a motion for summary judgment prior to the formal commencement of discovery suggests that he is seeking to significantly expedite the processing of this case and may strategically be doing so to bring it to conclusion prior to his criminal trial.

**Discussion**

First, with respect to the ATC Defendants' request to stay all discovery pending resolution of their Rule 12(c) Motion, they have not shown good cause for the entry of such a broad protective order and, in any event, the request is moot in view of Chief Judge Smith's recent denial of the Rule 12(c) Motion without prejudice.

However, with respect to the ATC Defendants' request to quash the ten third-party subpoenas issued by Plaintiff, they have shown good cause to quash those subpoenas. At the hearing on this Motion, Plaintiff was unable to satisfactorily establish that the subpoenas were properly served or otherwise compliant with Fed. R. Civ. P. 45. In addition, the subpoenas on their face are overly broad in terms of time frame and largely seek irrelevant information, information about issues which will likely be undisputed, and/or information that could be more efficiently sought from adverse parties in the first instance. See Fed. R. Civ. P. 26(b)(2)(C). For instance, Plaintiff seeks all call detail for ATC's Sprint cell phone accounts for over a two-year period (June 2011 through September 2013) when his case arises out of a small window of time in June 2011. Likewise, he seeks all call details for ATC's Verizon business telephone account without any limitation as to time or telephone extension. He also seeks from Bluehost a listing of all emails sent or received by the individual ATC Defendants for a four-month period (June through September 2011) with the dates, times and email addresses of the sender and receiver for all such emails.

As to the John W. Clegg & Company, Country View Golf Club, and White Water Consulting subpoenas, Plaintiff was unable to articulate any convincing argument as to the relevancy of the requested information to the claims and defenses in this case. Also, when pressed at the hearing to defend the relevancy of the Robert Gilheeney subpoena, Plaintiff chose to voluntarily withdraw it and thus the request to quash it is moot.

While the Court has determined that all of the subpoenas in issue should be quashed, Plaintiff is granted leave to serve a limited subpoena on Bluehost for the contents of the "test123@autotempcontrols.com" email account.  ATC Defendants' counsel indicated at the hearing that the "test123" account was created to receive the items forwarded by the monitoring software placed on Plaintiff's work computer and that ATC no longer had access to the account due to a change in its email service provider.  He indicated that, if they exist, the emails or other items forwarded to the "test123" account would be in Bluehost's possession and are not currently in ATC's possession, custody or control.  See also Document No. 76-1 at p. 3.  Accordingly, and out of concerns for evidence preservation, Plaintiff is granted leave to serve a limited subpoena in compliance with Fed. R. Civ. P. 45 on Bluehost seeking production of the contents of the "test123@autotempcontrols.com" email account.

### Conclusion

For the foregoing reasons and as specified herein, ATC Defendants' Emergency Motion to Quash Subpoenas and for Protective Orders is GRANTED in part and otherwise DENIED as moot.
SO ORDERED


  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 18, 2014